**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MAINE**

In re:

Dana L. Thompson,

          Debtor

Chapter 7
Case No. 14-10844

**ORDER DENYING CREDITOR'S REQUEST**
**FOR EXTENSION OF TIME TO APPEAL DISCHARGE**

Dana L. Thompson filed a chapter 7 petition on October 25, 2014. Objections to his receipt of a discharge under 11 U.S.C. § 727 were due on or before January 20, 2015. No such objections were filed before January 20.[1] Mr. Thompson received his chapter 7 discharge in January 2015. *See* [Dkt. No. 22].

Less than one year later, in January 2016, Arvah Lyon filed a Request for Extension of Time to Appeal Discharge [Dkt. No. 30] ("the First Request"). The Court did not act on the First Request, as it was not properly set for hearing in accordance with the Court's Local Rules. In December 2016, Arvah Lyon filed another Request for Extension of Time to Appeal Discharge [Dkt. No. 39] ("the Second Request"), and sought to schedule that Request for hearing on May 25, 2017, *see* [Dkt. No. 42].

The Second Request could be interpreted in a couple of ways. It could be read as a request for an extension of the deadline to appeal the order granting Mr. Thompson a discharge under section 727. But the deadline to appeal the order granting the discharge has long since

---

[1] Arvah Lyon filed two documents in this case before January 20, 2015, neither of which could fairly be characterized as raising an objection to discharge under 11 U.S.C. § 727. *See* [Dkt. Nos. 10 and 16]. One of the documents could be read as asking the Court to determine that Arvah Lyon's claim against the debtor was nondischargeable under 11 U.S.C. § 523. *See* [Dkt. No. 10]. But a determination of dischargeability is different from an objection to discharge and, in any event, Arvah Lyon's dischargeability contest was ultimately dismissed with prejudice for failure to prosecute.

passed, *see* Fed. R. Bankr. P. 8002(a)(1), and in any event, Arvah Lyon has not made any allegations that, if proven, would have resulted in the denial of a discharge if an objection to discharge had been raised in a timely manner. Alternatively, the Second Request could be read as a motion to extend the deadline to seek a revocation of Mr. Thompson's discharge under 11 U.S.C. § 727(e)(1). This would fare no better. The one-year timeframe within which a creditor may bring an action to seek revocation of discharge under 11 U.S.C. § 727(e)(1) is not subject to extension, even upon a motion filed within the one-year timeframe. *See* Cadle Co. v. Andersen (In re Andersen), 476 B.R. 668, 673 (B.A.P. 1st Cir. 2012) (reiterating holding that § 727(e)(1) is jurisdictional); *see also* Gonsalves v. Belice (In re Belice), 2011 WL 4572003 at *3 (B.A.P. 1st Cir. Mar. 7, 2011) (describing section 727(e)(1) as "an essential prerequisite to the proceeding") (internal quotations omitted).

Arvah Lyon suggests that this Court should do something after some proceedings against Mr. Thompson in state court have concluded. Exactly what the Court should do is not clear. Mr. Thompson is entitled to the benefits of a discharge under section 727. Nothing that happens in the state court proceeding will alter that conclusion.

The Second Request is therefore DENIED with prejudice.

Dated: January 5, 2017

Michael A. Fagone
United States Bankruptcy Judge
District of Maine